## Commonwealth *ex rel.* Snyder *versus* Mitchell.

1. A case was submitted to the court under Art. V., sect. 27, of the Constitution, and Act of April 22d 1874 (dispensing with a jury); judgment was entered April 10th and same day exceptions taken and sealed by the judge below; a writ of error was taken April 18th without further proceeding. *Held*, that the judgment was not final, the writ of error was premature and it was quashed.

2. The provision of the Constitution does not execute itself, the practice under it is regulated by the 2d sect. of Act of 1874.

October — 1875.   Before Agnew, C. J., Sharswood, Williams, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1875, No. 122.

The proceeding in this case was a mandamus.

On the 21st of September 1874, N. Snyder & Co. petitioned the court, setting forth that the water committee of the city of Pittsburg invited sealed proposals for furnishing certain water-pipes upon specifications, terms, &c., stated; that the petitioners submitted proposals for furnishing the pipes in accordance with the specifications, terms, &c., at a price which was $5000 less than any other offer; that they were responsible persons, &c., and accompanied their offer with sufficient sureties; that the city acting through their councils were about to award the contract to other persons at a bid higher than the petitioners; they prayed for a mandamus against Thomas J. Mitchell and others, the water committee of the city councils, the city councils and the city of Pittsburg, not to award the contract to any person whose proposals were higher than the petitioners', and to award it to the petitioners.

Depositions were taken and an alternative mandamus was awarded; the respondents put in an answer, raising issues of fact to which the relators filed a replication.

The parties, on the 23d of January 1875, filed an agreement, submitting the case to the decision of the court, under Art. V., sect. 27, of the Constitution of 1873, and the Act of April 22d 1874 (Pamph. L., pp. 16, 109); and further agreeing "that the said answer on file in this case be taken and considered as the return of defendants to said alternative mandamus as fully and in all respects as the same was intended, and that the depositions on file be taken and considered as the testimony in the case, to be used by both parties as if retaken on the trial of the issue in this suit, so far as the same are pertinent and relevant to the issue."

The constitutional provision is :—

"The parties, by agreement filed, may in any civil case dispense with trial by jury and submit the decision of such case to the court having jurisdiction thereof, and such court shall hear and determine the same; and the judgment thereon shall be subject to a writ of error as in other cases."

[Commonwealth *v.* Mitchell.]

The Act of Assembly enacts :—

Sect. 1. Substantially as in the clause of the constitution.

Sect. 2. " The decision of the court shall be in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel and the conclusions of law, and shall be filed in the office of the prothonotary or clerk of the proper court where the case is pending, as early as practicable, not exceeding sixty days after such decision shall have been made from the termination of the trial, and notice thereof shall be forthwith given by the prothonotary or clerk to the parties or their attorneys, and if no exceptions are filed thereto in the proper office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk ; if exceptions to the findings of facts or conclusions of law be filed within said thirty days, the court or the judge thereof who tried the case in vacation may, upon argument, order judgment to be entered according to the decision previously filed, or make such modification thereof as in justice and right shall seem proper, subject always, nevertheless, to review by writ of error or appeal in the Supreme Court, such writ of error or appeal to be taken in the time and manner and with the effect prescribed by law."

After filing the agreement, the docket entries show as follows and nothing more :—

" April 10th 1875, judgment ordered to be entered for defendant.                                        By the Court."

" April 10th 1875, plaintiffs except and bill of exceptions sealed at their instance.                      · E. H. Stowe, [seal.]"

" April 18th 1875, writ of error filed."

The record did not show that " the decision of the court," stating the facts found, and the conclusions of law, was filed in the prothonotary's office.

When the case came up for argument, the respondents moved to quash the writ of error, on the ground that the provisions of the Act of Assembly had not been complied with.

*T. S. Bigelow* and *J. F. Slagle*, for motion.

*W. H. Sutton* and *A. M. Brown*, contrà.

The order quashing the writ of error was entered in the Supreme Court, October 14th 1875,

Per Curiam.—We are of opinion that this writ of error was prematurely taken. The 27th section of the fifth article of the New Constitution does not execute itself so as to be independent of the legislation necessary to regulate the practice under it. It vests the right in the parties, by agreement in civil cases, to dis-

[Commonwealth v. Mitchell.]

pense with trial by jury and submit the decision of the case to the court having jurisdiction to hear and determine it, subject to a writ of error as in other cases. But when and how shall the court hear and decide the case? The jury being dispensed with, the hearing implies a trial before the court and the determination of the facts as well as the law. What law shall govern the court in this proceeding, and compel the judges to place the case in a situation to give the party his writ of error, in such manner that he may reap its advantage? The Constitution does not say the court shall put in writing the facts found, or answer the positions taken by the parties in writing. It is simply to hear and determine. How hear and determine? How shall a record be made to exhibit the errors of the court? This the second section of the Act of 22d April 1874 answers. When shall the court determine after the hearing? This also is answered. How shall the party have the finding of the facts revised if he think there has been error, and when shall he be compelled to seek his redress? Besides, the court itself may have fallen into error it would correct. Without the law there is no regulation, no compulsory proceeding, and the whole matter would rest in the discretion of the court. Such a mode would be unsatisfactory. The truth is, the constitutional provision would be a mockery without the necessary regulation of the statute to carry it into execution and give it full effect.

The judgment in this case was therefore not final, but was subject to the proceedings in the court below, by exception and otherwise, to bring the case to a legal conclusion.

The writ of error was therefore premature, and is to be quashed.