188    203
24 SC ¹173

# Commonwealth of Pennsylvania *v.* Beech Creek Railroad Company, Appellant.

*Taxation—Corporation—Capital stock—Findings of fact.*

Where an appeal from a tax settlement made by the officers of the commonwealth is tried by the court without a jury, and no special finding of fact is set out in the opinion, and none was requested except that the court should adopt the appraisement of the company's officers, the Supreme Court will assume that the court below correctly found the facts on which it expressly declared that its judgment rested.

*Taxation—Corporation—Tax on capital stock—Debt.*

In ascertaining the value of the capital stock of a corporation for the purposes of state taxation under the act of June 8, 1891, the indebtedness of the company cannot be deducted from the value of the property and assets otherwise ascertained, but it may be considered as one of the relevant facts bearing upon the value of the stock.

Argued June 1, 1897. Reargued Feb. 23, 1898. Appeal, No. 22, May T., 1897, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1896, No. 643, on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed. MITCHELL, GREEN and WILLIAMS, JJ., dissent.

Appeal from tax settlement. Before SIMONTON, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the court.

*M. E. Olmsted,* for appellant.

*Henry C. McCormick,* attorney general, with him *John P. Elkin,* deputy attorney general, for appellee.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

The treasurer and comptroller of the railroad company, defendant, in their report for the tax year 1895, appraised the capital stock of the company, there having been no sales for that year, at $45.00 per share, amounting to $4,950,000. The commonwealth's officers increased this amount to $10,097,218.16;

from this the company appealed to the court of common pleas, where after full hearing the amount was reduced to $7,500,000. From that decision we have this appeal. Appellant's counsel contends that the court below erred in not adopting the methods of the company's officers in ascertaining the actual value of the capital stock.

The court gave the same construction to the act of 1891, as in the case of Commonwealth v. New York, Pennsylvania & Ohio Railroad Company, in which opinion is this day handed down, ante, p. 169. The learned judge says in the case before us: "A tax on the capital stock of a corporation is a tax on its property and assets, including its franchises. The question of the actual value in cash of the capital stock is a question of fact which must be determined by considering the value of defendant's property and assets of every kind, including its bonds, mortgages and moneys at interest and its franchises and privileges, and the amount of incumbrances on its property and franchises is also a relevant fact to be considered, but it is not to be specifically deducted from the valuation so ascertained and determined."

As noticed, there were no sales of stock during the tax year. The nominal capital stock is 110,000 shares, of a par value of $50.00 per share; the road was constructed at a cost of $10,731,358.40. It has a first mortgage debt of $5,000,000 at four per cent, and a second mortgage of $500,000, at five per cent. On October 1, 1890, the company leased its road to the New York Central for 999 years, the lessee to pay the interest on the mortgage debt and the principal when due, also to pay to the stockholders four per cent quarterly on their holdings. All the engagements of the lessee company have been kept, and there is no question as to its ability to continue to keep them; for it had accumulated a surplus in the five years, above all charges and expenses, of over $600,000. The defendant is therefore undoubtedly solvent. The court below, in the rule adopted, which is in substance a construction of the act of 1891, committed no error. Whether any inference drawn from the facts was not warranted we cannot tell for no special finding of fact is set out in the opinion, and none was requested except that the court should adopt the appraisement of the company's officers. We must assume that the court below correctly found

the facts on which it expressly declares its judgment rests. That being the case, we have nothing further to say in reference to the construction of the act of 1891 than we have already said in the case of Commonwealth v. New York, Pennsylvania & Ohio Railroad Company, heretofore referred to.

The assignments of error are therefore overruled, and the judgment affirmed.