## Fleer, Appellant, *v.* Reagan. ·

*Practice—Trial by court without a jury—Act of April 22, 1874—Exceptions—Review—Appeals.*

The appellate court will not review findings of fact and conclusions of law in a case tried by the court below without a jury in accordance with the provisions of the act of April 22, 1874, where no exceptions have been filed to the findings of fact or conclusions of law as required by that court. As the proceeding in such a case is out of the course of the common law, the statute must be strictly followed.

*Practice, C. P.—Findings of facts—Conclusiveness—Appeal.*

Findings of fact by the court in a case tried without a jury when based upon sufficient evidence have the force of the verdict of the jury, and will not be reversed by the appellate court in the absence of manifest error.

*Slander—Justification—Trial by court without a jury—Findings of fact.*

In an action for slander, it appeared that the plaintiff was spoken of by the defendant at a public meeting as follows : " He whilst a councilman defrauded the borough out of money by having a private sewer constructed in his place for which the borough paid." The case was tried without a jury and the judge found upon competent evidence that plaintiff while a member of the borough council and of the committee having charge of the construction of sewers, in disregard of his duty, and without permission of the borough, induced the contractor to build a private sewer on his own land at an expense to the borough of an amount stated, and never reported the transaction to council. *Held,* that a judgment for defendant should be sustained.

Argued Nov. 16, 1903.  Appeal, No. 199, Oct. T., 1902, by plaintiff, from judgment of C. P. Delaware Co., for defendant on trial by court without a jury in case of Frank H. Fleer v. James Reagan.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Trespass for slander.  Before JOHNSON, P. J., without a jury. Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were findings of fact and conclusions of law of the court without any intermediate exceptions.

*V. Gilpin Robinson,* for appellant.

No appearance nor paper-book for appellee.

OPINION BY SMITH, J., January 21, 1904:

This action of trespass for slanderous words spoken, was brought by Frank H. Fleer against James Reagan, and tried before the president judge of the court of common pleas of Delaware county without a jury, under an agreement by the parties for that purpose. The words were uttered by the defendant in a speech at a public caucus of citizens of the borough of Yeadon, when he was a candidate for the office of councilman of that borough, and at which the plaintiff made a speech against him.

In the plaintiff's statement of the cause of action it is alleged, in substance, that the defendant said : " I can prove by four witnesses and the books of the borough that Frank H. Fleer whilst a councilman defrauded the borough out of money by having a private sewer constructed into his place, for which the borough paid." This was said with reference to a time when the plaintiff had been a member of the borough council and a member of the sewer committee; and when a sewer was constructed by the borough through the street fronting the plaintiff's lots. The court has found the facts to be, in substance, as follows : That while the plaintiff was a member of the sewer committee, then overseeing the construction of a sewer on the street fronting his lots, a change in the manner of its construction was made by the contractor, at the plaintiff's request, through which certain **Y**'s were omitted from the main sewer, and in lieu thereof a private sewer across the plaintiff's lands to his barn was constructed, for which the borough paid the contractor $146 at the rate provided in the contract for extra work; that the **Y** connections omitted were of little if any benefit to the plaintiff's land, on account of its swampy character; and that the plaintiff resigned without reporting to the council anything about the private sewer.

The plaintiff submitted in writing to the court below three points, which, with the answer of the court, are as follows :

" (1) Under the plea of justification, as pleaded in this case, the burden is upon the defendant to prove the truth of the allegation set forth in plaintiff's complaint, and as the evidence does not sustain the charge, the verdict should be for the plaintiff.

" (2) The fact that the defendant, after the public meeting,

and in response to the letter of plaintiff's counsel, demanding a retraction, through Mr. Broomall, his counsel, reasserted the charge publicly made, and that he followed this by the plea of justification as filed, is evidence of express malice, and establishes that the charge was maliciously and negligently made and persisted in, and the plaintiff should be allowed punitive damages.

" (3) Under all the evidence the verdict should be for the plaintiff."

Answers :

" (1) The burden is on the defendant, rest of point refused. (2) Refused. (3) Refused."

The trial judge agreed with the plaintiff on the law as presented in the first point, but took an opposite view of the facts, and in a brief opinion stated his findings of fact and law, and entered a judgment for the defendant. Whereupon the plaintiff appealed to this court. The complaint here (in twenty specifications of error) is that the court erred in finding and in failing to find certain facts. But the assignment must be dismissed because it nowhere appears that the specifications of error are based upon exceptions to the rulings of the trial judge on the evidence or the law. It nowhere appears in this record what exceptions were submitted to the judge for examination ; in fact no exception in form or substance to any action of the court appears in this record.

The statute providing for trial by the court without a jury is founded on the 27th section of the fifth article of the constitution and is designed to regulate the practice under it: Com. v. Mitchell, 80 Pa. 57. The right of the court to proceed with the hearing of questions of fact and law could not be upheld under the common law, and, as this proceeding, therefore, is out of the course of the common law, this statute must be strictly followed. The rule laid down in Norwegian Street, 81 Pa. 349, is that: " In all cases in the courts, where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceeding will be utterly void." As the statute under which this case was tried is distinctively mandatory, all proceedings under it must be in strict compliance with

its provisions, and questions of procedure under it are regulated by its terms. Questions of law and of fact may be raised by points in the same manner as if the case were before a court and jury. The decision of the court must be in writing, stating separately and distinctly the facts found and answers to points submitted. Either party may file exceptions to the decision, when the court will be required to again consider its findings before final judgment. The case in the appellate court must be in review of the rulings of the court on the exceptions thus raised.

As the record fails to show any question here on exceptions raised in the manner pointed out by the statute, there is nothing for us to review. We may say, however, that on a full examination of the testimony and the record, there was ample evidence to justify the findings and judgment. It has repeatedly been held that the findings of fact by the court in these cases are no more reviewable by an appellate court than is the verdict of a jury, and this court will not go behind the findings of fact except where, in a common-law trial before a jury, the assignments of error are such as can be heard and determined before the appellate court: Griffith v. Sitgreaves, 90 Pa. 161; Com. v. Westinghouse Electric & Mfg. Co., 151 Pa. 265. And the presumptions, on review, are in favor of the correctness of the findings of facts, where there is evidence to sustain them: Com. v. Beech Creek Ry. Co., 188 Pa. 203; Com. v. Ontario, etc., Ry. Co., 188 Pa. 205. While a member of the borough council and of the committee having charge of the construction of sewers, the plaintiff, in disregard of his duty and without permission of the borough, induced the contractor to build a private sewer on his own land at an expense to the borough of $146, and never reported the transaction to the council. On being publicly charged with this dereliction of duty, instead of making amends to the borough, he brought this action. The learned judge after hearing the case entered judgment for the defendant, and on a full examination of the record before us, we concur in the judgment.

Judgment affirmed.