# Miller, Appellant, *v.* Cambria County.

*Practice, C. P.—Amicable action—Agreement—Case stated.*

Where two persons cause to be filed in the records of the court of common pleas as of a certain term, a paper, the caption of which shows that the parties have assumed the positions of plaintiff and defendant, and the body of the paper stipulates that the cause shall be tried by the court without a jury, the court will construe the paper as an agreement for an amicable action under the Act of June 13, 1836, P. L. 568, and this is so, although the parties may have designated the paper as a case stated.

*Practice, C. P.—Trial by court without a jury—Exceptions—Act of April 22, 1874, P. L. 109—Quashing appeal.*

An appeal taken before exceptions have been filed to the decision of the court in a case tried by the court without a jury, will be quashed, unless the order of the court below is so drawn as to raise the presumption that the court intended the prothonotary to enter a final and absolute judgment forthwith, and to deny to the parties the right to file exceptions, and to a hearing thereon.

Argued May 3, 1904.   Appeal, No. 104, April T., 1904, by plaintiff, from judgment of C. P. Cambria Co., Sept. T., 1903, No. 467, for defendant on case tried by the court without a jury in suit of E. L. Miller v. Cambria County.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Appeal quashed.

Agreement for amicable action styled by the parties on case stated.

The opinion of the Superior Court states the case.

The court entered judgment for defendant.   No exceptions were filed to the decision of the court.

No assignments of error were printed in appellant's paper-book.

*S. L. Reed*, with him *Jacob Zimmerman*, for appellant.

*William Davis*, with him *M. D. Kittell*, for appellee.

OPINION BY RICE, P. J., July 28, 1904 :

The agreement under which this case was tried by the court without a jury was signed by the plaintiff and the county commissioners, was duly filed and docketed and reads as follows : " Case stated. In re Dr. Miller v. The County of Cambria. In the court of common pleas of Cambria county. No. September Term, 1903. And now, July 10, 1903, it is hereby agreed by and between the parties, plaintiff and defendant above named, that the following case be stated for the opinion of the court in the nature of a special verdict. It is admitted that Dr. E. L. Miller is the duly qualified and elected coroner in and for the county of Cambria, Pennsylvania, and that he was the coroner in and for said county at the time he viewed the remains of the persons named in the list hereto attached. It is further agreed that the transcripts or returns of the coroner, together with his testimony and the testimony of other witnesses produced by either the plaintiff, defendant, or the court shall be heard and considered in evidence in the trial of this case, but the transcripts or returns alone, in the absence of the testimony of the coroner, shall not be considered. If the court be of the opinion that Dr. E. L. Miller, coroner of Cambria county, is entitled to receive compensation from said county for services rendered in the cases mentioned in the list hereto attached and the transcripts or returns and testimony introduced in support of the same, then judgment to be entered by the court for the plaintiff and against the defendant for the amount claimed to be due, or any part thereof which the court may determine to be due ; but if the court be of the opinion that the plaintiff is not entitled to receive pay for the services mentioned and described under the evidence and act or acts of assembly or supplements thereto and the decisions of the courts thereon as aforesaid, then judgment to be entered for the defendant. It is further agreed by and between the parties hereto that they will dispense with trial by jury and submit this case, including the transcripts and returns, and such other evidence as may be produced to the court under the provisions of section 27, article V, of the constitution and the act of April 22, 1874. It is further agreed and understood that the costs shall follow the judgment, and each party shall reserve the right to appeal."

Nowhere in the record or in the report of the trial does it appear that any question was raised by court or counsel as to the pendency of an action.   On the contrary, the court and the parties proceeded on the assumption that there was an action pending between E. L. Miller, plaintiff, and the county of Cambria, defendant, for the recovery of compensation for official services rendered by the former as coroner.   We fail to see how the defendant can graciously or consistently take the position that the judgment in its favor is irreviewable on appeal without conceding that the whole proceeding was coram non judice.   To quash the appeal, upon the defendant's motion, and to allow the judgment in its favor to stand, upon the ground that the court was without jurisdiction to try the case and enter any judgment, would seem to be, not only illogical, but unjust.

But I am of opinion that the court was not without jurisdiction to try the cause.   The Act of June 13, 1836, P. L. 568, provides as follows :   " It shall be lawful for any persons willing to become parties to an amicable action, to enter into an agreement in writing for that purpose, either in their proper persons, or by their respective agents or attorneys ; and on the production of such agreement to the prothonotary of any court having jurisdiction of the subject-matter, he shall enter the same on his docket, and from the time of such entry, the action shall be denied to be pending in like manner as if the defendant had appeared to a summons issued against him by the plaintiff."   I do not say that the paper filed September 7, 1903, is to be recommended as a model form of agreement for an amicable action, but upon a careful examination of its terms in the light of the statute, and giving them a reasonable intendment, it seems clear to me that it contains every essential element of such agreement and ought to be so construed.   The caption shows that the parties assumed the positions of plaintiff and defendant, and that the paper was to be entered in the records of the court of common pleas of the county among other actions brought to September term, 1903, and it was produced to the prothonotary for the purpose of having him enter the cause upon his docket, which he accordingly did.   In the body of the agreement it was stipulated that the cause should be tried by the court without a jury, that if under the law and the facts admitted and those

that should be established by evidence it should be determined by the court that the plaintiff was entitled to receive compensation for the services upon which he based his claim, then judgment should be entered in his favor for the proper sum, but if not, that judgment should be entered for the defendant, and finally, that each party reserved the right to appeal. The designation of the paper as a case stated does not destroy its effect as an agreement of the parties to become plaintiff and defendant in an amicable action for the recovery of money for official services alleged to have been rendered by the plaintiff, nor convert the action that was entered pursuant to the agreement into a mere extrajudicial proceeding whereby the parties sought to have the court act as an arbitrator between them, or to advise them as to their rights. Irrespective of the subsequent conduct of the parties, which was of itself an unequivocal recognition of the pendency of an action, the court had jurisdiction to try the case and enter such judgment as the law and evidence required.

The second reason assigned in support of the motion to quash is that the agreement though termed a case stated, is in fact an agreement of submission for trial by the court without a jury, and the record does not show that exceptions were filed in the office of the prothonotary of that court within thirty days after the decision was filed. We add that the record does not show that notice of the decision was directed or given as the Act of April 22, 1874, P. L. 109, requires. The proper practice is for the court to direct judgment to be entered in accordance with the decision, unless exceptions be filed within the period after notice prescribed by the act. If the party aggrieved by the decision files exceptions, this will be deemed so far a waiver of the notice as to authorize the trial court to proceed to a hearing upon them, but it will not entitle the exceptant to a review in the appellate court until after they have been disposed of. A fortiori, an appeal taken before exceptions have been filed is premature, unless the order of court is so drawn as to raise the presumption that the court intended the prothonotary to enter a final and absolute judgment forthwith, and to deny to the parties the right to file exceptions and to a hearing thereon. We think no such presumption arises here. See Shamokin & Coal Twp., Light & Power Co. v. John, 18

Pa. Superior Ct. 498.   In Commonwealth v. Mitchell, 80 Pa. 57, the court made a similar order, to which the plaintiff excepted and thereupon sued out a writ of error.   The Supreme Court, after showing that the provision of the 27th section of article V. of the constitution did not execute itself and that the practice under it is regulated by the 2d section of the act of 1874, said: " The judgment in this case was therefore not final, but was subject to the proceedings in the court below, by exception and otherwise, to bring the case to a legal conclusion. The writ of error was therefore premature, and is to be quashed." For the some reason, and the additional reason that no assignment of errors has been printed in the appellant's paper-book or filed in this court, the present appeal must be quashed.

Appeal quashed and record remitted with directions that the cause be proceeded with in accordance with the provisions of the statute regulating trials by the court without a jury.