Opinion by
Beaver, J.,
The appellee moves to quash the appeal in this case, for the reason that it is taken from an interlocutory and not a final decree.
The appellants presented a petition to the court below, setting forth a description of the properties, together with the assessed and actual valuation thereof, and concluding: “Your petitioners, therefore, appeal from the valuations and assessments made by the said assessors and board of revision of taxes; and pray your honorable court to cause a jury of five or seven *67 men to be drawn in the manner and for the purposes set forth and provided in the Act of assembly of April 1, 1836, sec. 52, P. L. 436, and to take such further action in said appeal as is provided by the said act and the laws of this commonwealth.”
A rule to show cause was granted and the members of the board of revision of taxes for the city and county of Philadelphia duly filed their answer thereto. Depositions were taken, and, after argument, the court made the following decree: “Petition allowed. Order to be drawn under Act April 19, 1889, P. L. 37.” From this prehminary order this appeal was taken.
The record does not show that any order under the act of 1889 was ever drawn, as directed by the court, nor does it show that the appeal from the assessments has ever been tried. It is claimed by the appellee that the question of the validity of the assessments is, therefore, still pending.
The general rule in regard to judgments from which an appeal to an appellate court lies is that “No appeal can be taken from a judgment or decree which is not a final disposition of the matter in controversy:” 1 P. & L. Dig. of Dec. 771. There are exceptions to this general rule, such as an appeal from the discharge of a rule to enter judgment for want of a sufficient affidavit of defense or from a decree making absolute a rule to show cause why a judgment should not be opened; but in such cases the appeal is allowed by statute and they are thereby removed from tbe operation of the rule. . The appeal in this case has no statutory authority.
The petition is based upon the Act of April 1, 1836, sec. 52, P. L. 436, and the order of the court from which the appeal is taken directs that the order allowing the appeal from the assessments complained of be drawn, and in consequence the proceedings thereon had, under the Act of April 19,1889, P. L. 37.
Two steps must be taken before the appellants could have a final disposition of their case: first, the order directed by the court should be drawn, and, secondly, the appeal should then be pursued in accordance with the act of assembly to which the court makes reference in its order. If, on the final disposition of the case, the petitioners should secure the reduc *68 tion in the assessment, which is the object at which they aim, there would be no need of an appeal. If they should be unsuccessful, the question as to whether or not the proceedings should have been under the act of 1836, for which they petition, or under the act of 1889, which the court directs, would come up for final adjudication.
“A decree is not final, within the meaning of the act conferring appellate jurisdiction, unless upon its affirmance nothing remains but to execute it:” National Transit Co. et al. v. U. S. Pipe Line Co., 180 Pa. 224.
In Watkins v. Hughes, 206 Pa. 526, it was held that “An order directing a decree to be prepared in accordance with the findings of the trial judge in an equity suit is not a final decree from which an appeal may be taken.” In that case the Supreme Court said: “The agreement made by counsel September 9, 1901, is not a decree and cannot be so regarded. This court will not proceed, even with the consent of the parties, in cases where no judgment or decree has been entered by the court below: West’s Appeal, 3 S. & R. 92.” In that case it is also said: “An appeal will not he, except to a final decree of the court below: Eckfeldt’s Appeal, 13 Pa. 171; Commonwealth v. Mitchell, 80 Pa. 57; Gesell’s Appeal, 84 Pa. 238; Snodgrass’s Appeal, 96 Pa. 420; Pennsylvania Steel Company’s Appeal, 161 Pa. 571.”
It is unnecessary to cite additional authorities, which are very numerous. They will be found in P. & L. Dig. of Dec. 771 et seq.
The motion to quash must, therefore, be allowed.
Appeal quashed.