# Robert J. Ward & Co., Appellant, *v.* Miller.

*Practice, C. P.—Trial by court without jury—Findings of fact—Conclusiveness—Question on appeal.*

Findings of fact by the court in a case tried without a jury, when based on sufficient evidence, have the force of the verdict of the jury, and will not be reversed by the appellate court in the absence of manifest error.

Where the assignments of error in such case raise questions only as to the refusal to find the facts as requested by the plaintiff, and refusal to enter judgment non obstante veredicto the judgment will be affirmed.

Argued October 18, 1922. Appeal, No. 212, Oct. T., 1922, by plaintiff, from judgment of Municipal Court of Philadelphia, Nov. T., 1921, No. 684, in favor of defend-

260   ROBERT J. WARD & CO., Appellant, *v.* MILLER.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

ant in the case tried by the court without a jury in suit of Robert J. Ward, trading as Robert J. Ward & Co. v. Alfred H. Miller. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant and entered judgment accordingly, dismissing plaintiff's motions for new trial and for judgment non obstante veredicto. Plaintiff appealed.

*Errors assigned* were the findings and judgment of the court, refusal to find for plaintiff and refusal to enter judgment non obstante veredicto.

*Joseph K. Willing,* of *Sterling & Willing,* for appellant.

*Alfred S. Miller,* for appellee.—Findings of fact by the court below are not to be set aside except for manifest error: Fleer v. Reagan, 24 Pa. Superior Ct. 170; Krumbhaar v. Griffiths, 151 Pa. 223; Duncan v. Duncan, 265 Pa. 471.

OPINION BY GAWTHROP, J., December 14, 1922:

This was a suit in assumpsit to recover the purchase price of electrical fixtures sold and delivered to defendant and installed in his house in the City of Philadelphia. The defense was that defendant had no dealings with plaintiff and that the fixtures were sold and delivered by plaintiff to one H. VanBuren, Jr., an electrical contractor, who installed the same in defendant's house under an agreement so to do. Upon this issue the court below, trying without a jury, found for defendant. The complaints set up in the assignments of error are: 1, that the trial judge refused to find the facts in accord-

ance with plaintiff's requests; 2, the refusal to enter judgment for plaintiff n. o. v. The answer to both propositions is that the issue was purely one of fact, and that a careful examination of the evidence discloses that it was sufficient to sustain a decision for defendant. "Findings of fact by the court in a case tried without a jury when based upon sufficient evidence have the force of the verdict of the jury, and will not be reversed by the appellate court in the absence of manifest error": Fleer v. Reagan, 24 Pa. Superior Ct. 170.

The assignments of error are overruled, and the judgment is affirmed.