## Auto Stores, Inc., Appellant, *v.* Foss-Hughes Co.

*Assumpsit—Assumpsit for goods sold and delivered—Evidence— Issue of fact—Finding of court.*

In an action of assumpsit to recover the price of automobile tires alleged to have been sold and delivered to defendant, a finding for the defendant will be sustained, where it appears that the issue was one of fact as to whether the tires had been sold to the defendant or to a third party.

Argued October 21, 1926. Appeal No. 267, October T., 1926, by plaintiff from judgment of M. C. Philadelphia County, March T., 1925, No. 510, in the case of Auto Stores, Inc., a corporation trading as Kitsee Auto Stores v. Foss-Hughes Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court found for the defendant, and entered judgment on the finding. Plaintiff appealed.

*Errors assigned* were the refusal of plaintiff's motion for judgment non veredicto, and the finding of the court.

*A. S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for appellant.—The Court erred in entering

a finding for defendant without passing upon plaintiff's requests for findings of fact and conclusions of law:   Davis v. Wilhelm, 76 Pa. Superior Ct. 396; Phila. and Gulf Steamship Co. v. Soeffing, 59 Pa. Superior Ct. 429; Phila. and Gulf Steamship Co. v. Clark, 59 Pa. Superior Ct. 415; Palmer Water Co. v. Lehighton Water Supply Co., 278 Pa. 298; Underdown v. Underdown, 279 Pa. 482.

*Paul Freeman,* of *Johnson, Gilkyson and Freeman,* for appellee.—Ward & Company v. Miller, 80 Pa. Superior Ct. 259; Comly v. Linton, 60 Pa. Superior Ct. 117.

OPINION BY PORTER, P. J., March 3, 1927:

The plaintiff in this action of assumpsit sought to recover from the defendant for goods alleged to have been sold and delivered, by the former to the latter. The defense was that the defendant had no dealings with the plaintiff, with regard to the goods in question, but that said goods were sold and delivered by plaintiff to one Brooks, who owned the truck upon which the automobile tires were placed. Upon this issue the judge of the court below, trying the case without a jury in accordance with the election of the parties, found for the defendant. The plaintiff appealed and here assigns for error: (1) The alleged failure of the trial judge to find the facts in accordance with plaintiff's requests; (2) The refusal to enter judgment for the plaintiff n. o. v. The case was tried on March 31, 1926, and the court, upon conclusion of the evidence on that day, reserved its decision. The plaintiff, on April 1st, filed written requests for findings of fact and conclusions of law. The court, on April 6, 1926, entered of record a general finding in favor of the defendant. The plaintiff, on April 9th, filed a motion and reasons for a new trial, alleging, among other reasons, the failure of the trial judge to answer plaintiff's written

requests for findings of fact and conclusions of law, and, on April 10th, filed a motion for judgment in favor of the plaintiff n. o. v. The motion of the plaintiff for a new trial having distinctly raised the question of the failure of the court to specifically answer the requests of the plaintiff for specific findings of fact and conclusions of law, it was altogether competent for the trial judge to reconsider his findings before final judgment. This the court did and in an opinion, filed on July 13, 1926, specifically answered each of the requests for findings of fact and conclusions of law submitted by the plaintiff and distinctly stated in detail, his own findings of fact from the evidence, finding in conclusion, that the plaintiff had made no sale of the goods to defendant, but had contracted to look exclusively to Brooks for payment. This was an explicit finding of fact, from conflicting evidence, and has the same effect as a verdict of a jury. We are thus left in no doubt as to the grounds upon which the court below based its decision. The record establishes that the requests of the plaintiff for findings of fact and conclusions of law were duly considered and answered by the court below, before final judgment, and the issue, being one purely of fact, and the evidence sufficient to support the findings of the court upon that issue the assignments of error are dismissed: Fleer v. Reagan, 24 Pa. Superior Ct. 170; Ward & Co. v. Miller, 80 Pa. Superior Ct. 259.

The judgment is affirmed.