## Bausman *versus* The County of Lancaster.

*Taxation.—Farms taxable at locality of mansion-house, where divided by township, borough, or city line.*

1. A farm divided by a township, borough, or city line, is taxable where the mansion-house is located.

2. Hence, where the whole of a farm, with the mansion-house, was situated in a township, with the exception of a small portion lying within the line of an adjoining city, the whole farm was held taxable in the township, and that the assessor of the city had no power to assess that portion within its limits.

`[Bausman v. County of Lancaster.]

ERROR to the Common Pleas of *Lancaster county.*

This was an amicable action in debt, between The County of Lancaster as plaintiffs and Samuel Bausman as defendant, in which the following case was stated for the opinion of the court:

This defendant owns a farm of about one hundred and twenty-two acres, the residence and other improvements on which, are all situate in Lancaster township, but a small portion thereof, alleged to be about sixteen acres, being within the limits of the city of Lancaster.

The property has heretofore been all assessed for taxes in Lancaster township, where the occupier of the farm votes, and to the schools of which his children are sent. For the year 1864, the assessor of the S. W. Ward of the city has assessed a state and county tax, $2.97 each on the part of the said real estate lying in the said city as aforesaid. And it is to test the right to make such assessment that this case is presented for consideration of the court. Should they believe such assessment legal, then judgment to be rendered for plaintiffs for the sum before mentioned, otherwise for the defendant. Each party reserving the right to sue out a writ of error.

The court below (LONG, P. J.) entered judgment in favour of the plaintiffs for $2.97 ; which was the error assigned.

*T. E. Franklin* and *N. Ellmaker*, for plaintiff in error.—The 59th section of Act of 11th July 1842, entitled " An act regulating election districts and for other purposes" (P. L. 331), provides that " The assessors of the several counties within this Commonwealth shall on seated lands make the assessment in the township in which the mansion-house is situate, where township lines divide a tract of land."

And by the 15th section of the Act of 25th April 1850 (P. L. 572), it is enacted that the said 59th section, above quoted, " shall not be construed to extend to lands lying in different townships, the mansion-house of which is in an incorporated borough or city."

The act first cited very plainly determines the right of taxation, fixing the place in the township where the mansion-house is situate, and this is precisely what we ask.

With the exception of about sixteen acres, Mr. Bausman's farm of one hundred and twenty-two acres, with the mansion-house and other buildings, is all in Lancaster township. Here the tenant votes and his children go to school ; and here, until the assessment in controversy was made, the whole tract has been taxed. To render the point still plainer, the Act of April 1850 directs, that where the mansion-house is in an incorporated borough or city, no construction shall be allowed to prevent that being the place where the taxes are to be laid. What inconsistency is there between the

14 WR.—14

Acts of Assembly under consideration ? How do their provisions militate against each other ? Does not the second act by its restriction concede all else contained in the first act unimpaired ? The legislation fixing the locality of the mansion-house as the place where the taxes are to be collected, evidently had in view the convenience and propriety of calling on the occupier, and not on empty fields, for the money desired. What benefit does plaintiff in error have from a part of his real estate lying within the city limits ? His children cannot go to the city schools, and yet he must pay the heavy taxes imposed under a system very much of which is based on special legislation. Also for expenses of municipal government and protection from fire by water conducted through the streets, for watchmen and lights, yet the buildings on his property are over half a mile off from a location where any of these privileges can be enjoyed.

*Jesse Landis* and *Samuel H. Reynolds*, for defendant.—It is a well-established rule, that all lands are to be assessed in the district in which they lie ; and this rule is never departed from, unless exceptional cases are created by Act of Assembly. Has the case · submitted by the plaintiff in error been the subject of special legislation ? We think not. The Act of 11th of July 1842 does not meet the point. It refers to seated lands, where township lines divide a tract. Tax laws are to be construed strictly, and to attempt a construction of this statute, which would make it embrace lands where borough or city lines divide them, would be doing violence to the letter and the spirit of the act : Duffy *v.* City of Philadelphia, 6 Wright 197. There are many instances where a large portion of the land owned by an individual lies within the bounds of the city or borough, while he resides in an adjoining township. It would be unjust to exempt him from bearing his proportion of municipal burdens, when his neighbour, not so fortunate as to live outside the lines, is compelled to bear them, in order to maintain municipal regulations by which they are mutually benefited. The plaintiff in error refers to the provisions of the Act of 25th April 1850, and argues that this act makes the position he has assumed unmistakeably plain. The legislature could never have been guilty of such a gross blunder in fixing " the equality of taxation," as the plaintiff in error would make us believe.

If the construction we contend for is correct, the plaintiff in error will in the future be required to pay his proportion of the tax of the municipal government of Lancaster, from which he has heretofore luckily escaped ; and this is the bone of contention, for under the laws regulating taxation in the city of Lancaster, the assessment made by the county assessor, as regards lands, is to form the basis of the city assessment.

The opinion of the court was delivered, May 24th 1865, by STRONG J.—It is fairly deducible from the Act of April 15th

[Bausman *v.* County of Lancaster.]

1834, that while it was made the duty of assessors and assistant assessors of the several counties to take an account of, and to value all real estate within their respective wards, townships, and districts, they were directed to assess each object of taxation as a whole. It was not contemplated that they should divide farms or lots of ground, or real estate of any description that had been used and enjoyed as a whole up to the time of the assessment. Such a mode of assessment would have necessitated measurements, in very numerous cases, of parcels cut off from the main body of a tract of land by township or ward lines, and in other cases would have demanded valuation of parts of houses, mills, manufactories, furnaces, forges, distilleries, sugar-houses, malt-houses, breweries, tan-yards, and ferries. And as by the supplementary Act of April 15th 1841, the valuation is required to be made at such rates and prices as the properties valued will separately sell for at a *bonâ fide* sale, division of properties by ward or township lines would often render such a valuation impossible. This must have been understood by the legislature, and hence, by the 59th section of the Act of July 11th 1842, it was enacted that assessments of seated lands shall be made in the township in which the mansion-house is situate, where township lines divide a tract of land.

This act was plainly remedial. It aimed to prevent the mischiefs which would flow from contests between the assessors of adjoining municipal divisions, respecting the right and duty of assessing property intersected by the division lines of districts, and it guarded against the low valuations which assessment of an entire property in parcels tended to produce. It should, therefore, receive a liberal construction, both as a remedial statute and as tending to produce equality of taxation.

It is said that acts imposing taxes are to be strictly construed; but the Act of 1842 is not one imposing taxes. It is said the act applies only to tracts of seated land lying in two or more conterminous townships. We do not think so. Lands are not the less divided by a township line, because that line may also be the line of an adjoining borough or city; and the evils resulting from assessment in parcels by different assessors, rather than an assessment in entirety, are the same where part is situate in a township and part in an adjoining borough or city, as where the parts are separated only by a line between two townships.

Besides this, the 15th section of the Act of April 25th 1850, shows plainly the understanding of the legislature, that the Act of 1842 extended to cases where the line between a township and a borough or city may divide the mansion-house of a farm from a portion of the land. That act enacted that the 59th section of the Act of 1842 shall not be construed to extend to lands lying in different townships, the mansion-house of which is in an incorporated

borough or city. It obviously implies that the act does apply when the lands are divided by a township and city or borough line, if the mansion-house be not in the city or borough.

In the case now before us, it appears that the mansion-house and other improvements, with nearly seven-eighths of the land, are situate in Lancaster township, and that only about sixteen acres of the tract lie in the city. It was not competent, therefore, for the assessor of the city to assess any part of it, and his attempted assessment was void.

> The judgment is reversed, and judgment given on the case stated for the defendant.