## La Plume Borough *v.* Gardner, Appellant.

*Constitutional law—Constitution, article III, section 3—Subject of act to be expressed in title—Taxation—Assessment of land divided by borough lines—Act of June 1, 1883, P. L. 51, in part unconstitutional.*

The act of June 1, 1883, P. L. 51, entitled "An act to require assessors of townships to assess all seated lands in the county in which the mansion house is situated, where county lines divide a tract of land," and which provides that "the assessors of the several counties within this commonwealth shall on seated lands make the assessment in the county in which the mansion house is situate when county lines divide a tract of land; and when lines which separate a borough from township, or one borough from another, pass through the lands of any person, such lands shall be assessed where the mansion is situated," is unconstitutional, so far as concerns township and borough lines, where they are not also the lines of a county, for the reason that there is nothing in the title of the act to give notice that lands divided by township and borough lines are affected by it.

Argued Feb. 22, 1892. Appeal, No. 393, Jan. T., 1892, by defendant, B. S. Gardner, from judgment of C. P. Lackawanna Co., April T., 1891, No. 318, for plaintiff. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Case stated in the nature of a special verdict for recovery of taxes.

By the case stated it appeared that defendant owned a farm lying partly in Benton township, where the mansion was situated, partly in the borough of La Plume, and partly in the

township of North Abington. The borough council of the borough of La Plume assessed defendant upon the portion of his property lying within the borough limits, while the authorities of Benton township assessed him, not only upon the portion lying within the limits of that township, but also upon the portion situate within the borough of La Plume. If the court were of opinion that the land lying in La Plume borough was assessable there, and not in the township of Benton, where the mansion house was situated, judgment should be entered for plaintiff; otherwise for defendant.

The court, ARCHBALD, P. J., entered judgment for plaintiff on the ground that the act of June 1, 1883, P. L. 51, was unconstitutional, so far as it concerned township and borough lines not coterminous with county lines. The terms of the act appear by the opinion of the Supreme Court.

Judgment for plaintiff accordingly. Defendant appealed.

*Errors assigned* were, (1) declaring a portion of the act of 1883 unconstitutional; (2) entry of judgment against the defendant.

*H. M. Hannah*, for appellant.

*A. D. Dean*, for appellee.

PER CURIAM, March 28, 1892:

We are of opinion that the learned judge of the court below was clearly right in holding that the act of June 1, 1883, P. L. 51, is unconstitutional, so far as concerns township and borough lines, where they are not also the lines of a county, for the reason that there is nothing in the title of the act to give notice that lands divided by township and borough lines are affected by it. The act referred to is entitled "An act to require the assessors of the several townships within this commonwealth to assess all seated lands in the county in which the mansion house is situated, where the county lines divide a tract of land." It requires but a glance at this title to see that it is notice only where a tract is divided by county lines. So far as land is concerned, which is divided by county lines, the act appears to be valid. But, in so far as it relates to lands, divided by township and borough lines, it is unconstitutional, under all our authorities.

Judgment affirmed.