Robert Arthur and Frenchcreek Twp. School District, Appellants, v. Polk Borough School District and E. Hutchinson, Tax Collector.

*Taxation—Extra territorial tax—Borough—Injunction.*

A borough has no power to assess and collect a school tax upon the land of one of its citizens situated in an adjoining township, but annexed to land belonging to the same person lying within the borough limits. The remedy to restrain the collection of such tax is by injunction.

The borough in such a case must settle with the person from whom it exacts the illegal tax, and not with the township wherein the land lies which was illegally taxed.

Argued Oct. 1, 1894. Appeal, No. 5, Oct. T., 1894, by plaintiffs, from decree of C. P. Venango Co., April T., 1891, No. 2, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill to restrain collection of tax.

The case was referred to J. D. Chadwick, Esq., as master, who reported as follows:

"FINDING OF FACTS.

"On Aug. 23, 1886, the borough of Polk was organized within Frenchcreek township, under the laws of this commonwealth, and has since been a municipal corporation and a school district independent of the school district of Frenchcreek township. The boundary line of Polk borough divides the following lands, to wit:

"Isaac Maloney's 80 acres, ten acres being in the borough and seventy acres in the township of Frenchcreek.

"Alexander Cochran's 100 acres, sixty acres of which are in the borough and forty acres in the said township.

"R. Robinson's 130 acres, thirty acres of which are in the borough and one hundred acres in the said township.

"James McClelland's 260 acres, fifty acres of which are in the borough and two hundred and ten acres in said township.

" Robert Arthur's thirty acres, about sixteen acres of which are within the borough limits and fourteen acres in the said township.

" The first three named tracts of land have mansion or dwelling houses on them within the borough limits, the remaining two have no dwellings on them.

" For the years 1887, 1888, 1889 and 1890 the said tracts of land were assessed in the borough of Polk and valued as follows:

| | |
|---|---:|
| Isaac Maloney, 80 acres . . . . | $2700 00 |
| R. Robinson, 130 acres . . . . . | 4400 00 |
| Alexander Cochran, 100 acres . . . | 2800 00 |
| James McClelland, 260 acres . . . | 1200 00 |
| Robert Arthur, 30 acres . . . | 900 00 |

" From these assessments no appeal was taken by any one, and these tracts were included in the copy of the adjusted valuation of proper subjects and things made taxable for state and county purposes, furnished the board of school directors of the school district of Polk borough, by the county commissioners of Venango county for the years mentioned, and the board of school directors of Polk borough levied, apportioned and collected school tax on the same at the valuation given for the years mentioned, except that, upon the land of Robert Arthur for the year 1890, the school tax being unpaid, the defendant, E. Hutchinson, collector of school tax for the borough of Polk, seized and levied upon a quantity of hay stored in a barn situate on the land of said Arthur within the limits of the borough of Polk, and advertised the same for sale, which sale was enjoined by preliminary injunction granted March 2, 1891.

### " FINDINGS OF LAW.

" It is contended on the part of the defendants that the portions of the tracts of lands mentioned lying outside of the borough lines having been assessed in the borough of Polk, and such assessment not having been appealed from by the persons aggrieved, (1) the school tax levied thereon and heretofore voluntarily paid cannot now be recovered back, and (2) that the collection of the school tax now levied thereon by the school board of Polk borough cannot now be successfully avoided.

412 ARTHUR et al. Appellants, *v.* SCHOOL DIST. et al.

Master's Report. [164 Pa.

" There might be merit in the first of these propositions had the school district of Frenchcreek township no rights in the matter.

" Section 29 of the act of May 8, 1854, provides that 'For the purpose of enabling the board of directors or controllers to assess and apportion the tax for the ensuing year, the county commissioners shall, when required, furnish the president or secretary of the board with a correct copy of the last adjusted valuation of proper subjects and things made taxable in the same for state and county purposes, according to the provisions of this act.'

" The plaintiffs contend that lands lying outside of the borough lines are not 'proper subjects and things made taxable in the same,' and that the school district of Frenchcreek township was wrongfully deprived of the school taxes thereon.

" It is presumed that the defendant school district assessed and collected school tax on the land outside the borough lines, and claimed the right so to do primarily by virtue of the act of June 1, 1883, P. L. 51. But since the filing of the bill in this case the Supreme Court has decided that this act is unconstitutional, and holds that a borough has no authority to assess and collect taxes upon lands lying outside its limits : La Plume Borough v. Gardner, 148 Pa. 192. The plaintiffs are therefore clearly entitled to the injunction prayed for, and the school district of Polk borough should account for and refund to the school district, plaintiff, the school taxes collected upon the lands in question lying outside of the borough limits.

" The master accordingly recommends :

" 1. That the said school district of Polk borough and tax collector, defendant, be permanently enjoined and restrained from collecting school tax levied and assessed upon the land of Robert Arthur lying outside the limits of the said borough, as well as upon any and all of the other lands outside of the boundary lines thereof.

" 2. That the school district of the borough of Polk and its officers be restrained and perpetually enjoined from apportioning and assessing school taxes upon any of said lands lying in Frenchcreek township ; and

" 3. That the school district of the borough of Polk be ordered to account to the school district of Frenchcreek town-

ship for so much of the school tax as was levied and collected by it on the lands lying outside the borough limits and in the township of Frenchcreek."

Exceptions to the master's report were sustained by the court, and a decree entered dismissing the bill on the ground that an appeal was the proper remedy, in an opinion by TAYLOR, P. J.

*Errors assigned* were the sustaining of the exceptions and entry of decree, quoting them.

*J. H. Osmer, A. R. Osmer* with him, for appellants.—The school district must be held to know its own territorial limits, and what land lies within it. There is no law making it the duty of the county commissioners to certify what land lies within or without the district.

An injunction will lie to restrain a municipality from exercising its authority over a district in which its jurisdiction does not extend: Kemble v. Titusville City, 135 Pa. 141 ; Markoe v. Hartranft, 6 Am. L. Reg. 487.

*Robert F. Glenn,* for appellees, cited : Acts of May 8, 1854, § 29, P. L. 623; May 8, 1855, § 11, P. L. 511 ; April 15, 1834, P. L. 511; April 20, 1876, P. L. 44; May 24, 1878, P. L. 133.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 22, 1894:

Two questions are presented by this appeal. The first relates to the power of a school district to levy and collect taxes upon lands lying outside of its boundaries. The second is over the proper remedy for the owner of the lands against whom the collection of such extra-territorial tax is attempted.

Both questions are well settled. The power of borough and township officers to levy taxes upon persons and property rests upon residence and location. The persons who live within the borough, and the lands inclosed by its lines, are subject to the jurisdiction of the borough and its officers. Persons and property located in some other borough or township are subject to the jurisdiction of the town or borough in which they belong. No power to levy and collect taxes on property outside the lines that bound the district was ever asserted until the act of June 1,

1883. This act provided that whenever the lines that separate a borough from a township or from another borough pass through the lands of any person, such lands shall be assessed where the mansion house is situated. It is probable that the assessment of school taxes on the land of the plaintiff lying in French-creek township, by the school directors of Polk borough, was begun under the provisions of this act. But in La Plume Borough v. Gardner, 148 Pa. 192, we held the act of June 1, 1883, to be unconstitutional in so far as it related to townships and boroughs not separated by a county line. The rights and powers of the several taxing officers in townships and boroughs in the same county remain, therefore, just as they were before that act was passed. They may be exercised within the districts for which the officers were elected, but not outside of them.

The plaintiff has a tract of land containing about thirty acres which is crossed by the line separating Polk borough from Frenchcreek township, so as to leave about fifteen acres in the township. There is no mansion house upon either part of the land. The school district of Polk borough has assessed the fifteen acres lying in the township with school taxes. This is not merely irregular, it is unlawful. There is no foundation whatever on which this exercise of extra-territorial jurisdiction can rest, and the collection of an unlawful tax may be restrained by injunction. The learned judge of the court below held that the remedy for the plaintiff was by an appeal from the assessment, and that having neglected this he was now remediless. But from what could he appeal? It is not alleged that the valuation of the land is too high, or that the quantity assessed to him is too great. He might have applied to have the assessment divided, but the authorities of both township and borough were bound to know how much of the tract was within their lines respectively, and to know that they could not levy taxes on that which was not within them. A taxpayer is not bound to anticipate that the officers will violate the law or attempt to enforce the collection of a tax which they have no power to impose. When they do this he has a clear right to relief by injunction to restrain the illegal act: Markoe v. Hartranft, 15 Am. L. Reg. 487; Campbell v. Campbell, 26 Leg. Int. 261; Connor's Appeal, 103 Pa. 357; Harper's Appeal, 109 Pa. 9. When the act of the taxing officers complained of

is lawful, but is done in an oppressive or unfair manner, the remedy is by appeal. But if the officers are without jurisdiction and the act is illegal, as in the case before us, the proper remedy is by injunction.

This makes it necessary to reverse the decree so far as it relates to Arthur, but the considerations just referred to dispose of the claim of Frenchcreek township. That township had the right to levy and collect taxes on all the land within its boundaries. It did not do so, so far as the land of Arthur is concerned. Polk borough had no right to levy and collect taxes on land in the township. Its attempt to do so violated the rights of the landowner, but it in no way interfered with the discharge of their duties by the officers of the township. Polk borough must therefore settle with the persons whose money it has unlawfully obtained, so far as upon all the circumstances it is liable to refund at all, and not with the township of Frenchcreek.

And now, upon consideration of the appeal in this case, it is ordered, adjudged and decreed that the decree of the court below be reversed so far as it relates to Robert Arthur, and that an injunction issue as prayed for to restrain the collection of the tax levied by the defendants upon the lands of the plaintiff lying in Frenchcreek township, and that the defendants pay the costs accrued in this case.