Commonwealth of Pennsylvania ex rel. School Directors of Meshoppen Borough School District v. Charles Wheelock, Fred Chase and Michael Brown, County Commissioners of Wyoming County, Appellants.

*Taxation of land divided by borough lines—Act of 1842.*

Under the Act of July 11, 1842, P. L. 321, sec. 59, taxes should be assessed in the township in which the mansion house is situate where township lines divide the tract of land and a portion of the farm is located within an adjoining borough.

The rule is not changed by the fact that a house larger than the mansion house is situated on the land in the borough which the owner permits his mother and sister to occupy rent free; but the house in the borough whether rented or occupied rent free by mother and sister is liable to assessment in the borough as a distinct tenement without however drawing

to it any portion of the farm whether in the borough or township not in the exclusive possession of the tenants.

Argued Jan. 8, 1900. Appeal, No. 152, Jan. T., 1900, by defendants, from decree of C. P. Wyoming Co., Jan. T., 1899, No. 152, directing mandamus to issue against county commissioners. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by RICE, P. J.

Petition of school directors of Meshoppen borough school district for alternative writ of mandamus directed to the county commissioners to assess twenty acres of land and dwelling house for the borough school tax. Before DUNHAM, P. J.

The facts sufficiently appear in the opinion of the court.

The court below ordered the mandamus to issue against the county commissioners as prayed for. Defendants appealed.

*Errors assigned* were (1) in ordering the mandamus to issue commanding the county commissioners to enter the valuation of the property returned by the assessor of Meshoppen borough as an assessment of the real estate of Frank Brewer, and to certify the same to the Meshoppen borough school board. (2) In not holding the entire farm should be assessed in Meshoppen township.

*E. J. Jorden,* for appellants. — This case is ruled by the Act of July 11, 1842, P. L. 321 which has never been repealed: Bausman v. Lancaster Co., 50 Pa. 208. To the same effect see also Nippenose v. Bastress, 7 W. N. C. 245, Bennethum v. Eckert, 7 W. N. C. 373, Easton v. Lerch, 2 Northampton, 383, and Stahl's Assessment, 1 Lanc. 329.

Opinion of LIVINGSTON, P. J., September 11, 1884, discussing the Act of 1883, P. L. 51, and the act of 1842, holds the act of 1883 to be unconstitutional, and that the 59th section of the act of 1842 is in force, and applied it and its supplement to the case at bar, which was a case of a farm divided by a line separating a borough from a township: Cassel's Appeal, 8 Lanc. 260; Rich's Appeal, 8 Lanc. 264. The case relied upon in the court below to sustain the contention of the plaintiff is La Plume Boro. v. Gardner, 148 Pa. 192 in some respects similar to the case at bar.

*W. E. Little*, with him *C. A. Little*, for appellees. — If the mansion house be on the borough side of the line, then it is not the township line that divides the tract: Arthur v. School District, 164 Pa. 410.

Bausman v. Lancaster, 50 Pa. 208 extends the line. It has not been recognized by the Supreme Court in any subsequent case and is substantially overruled in Arthur v. School District, supra.

In the case at bar all the buildings, including a mansion house, one fifth of the land and a part of the family, including the " heir apparent," are in the borough.

There is another reason why the act of 1842 and the case of Bausman v. Lancaster cannot be applied to this case. The Act of April 15, 1834, P. L. 509, requires that all assessors assess, inter alia, " all houses " in their respective wards, townships and districts. Whatever may be the law as to lands merely, as to houses they must be assessed in the district where situate, unless the tax law of 1834 be repealed by the act of 1842.

OPINION BY RICE, P. J., April 23, 1900 :

Frank Brewer was the owner and occupant of a farm comprising about 100 acres, of which twenty acres are in the borough of Meshoppen, the residue of the tract being in the township of Meshoppen. It appears that, whilst the barn and outbuildings are in the borough, Brewer farmed the tract as a connected whole, and that the dwelling-house in which he and his family resided is on that part of the farm which is in the township. The latter fact was admitted by the appellants in their petition for mandamus, and the other facts mentioned are not in dispute. On the part of the tract in the borough, there is a larger dwelling house which was occupied by Brewer's father, and was the mansion house when he was the owner of the farm. At the institution of this suit it was occupied by the mother and sister of the present owner by his permission, and it seems, without payment of rent.

The township assessor returned the entire tract for assessment in the township. The borough assessor returned the twenty acres and the dwelling house thereon for assessment in the borough. The school directors of the borough instituted these proceedings to compel the county commissioners to enter

the valuation returned by the borough assessor and to certify the same to them, "so that a proper school tax may be levied upon the same." The present appeal was taken from the order awarding the mandamus prayed for.

Section 59 of the Act of July 11, 1842, P. L. 321–331, reads as follows : "That hereafter the assessors of the several counties within the commonwealth, shall, on seated lands, make the assessment in the township in which the mansion house is situate, where township lines divide a tract of land." In Bausman v. Lancaster County, 50 Pa. 208, the precise question for decision was whether or not the act applied when a portion of the farm with the mansion house was in a township, and the remaining portion was in an adjoining city. In deciding this question in the affirmative the Supreme Court showed that the act was plainly remedial, that its aim was to prevent the mischief which would flow from contests between the assessors of adjoining municipal divisions, respecting the right and duty of assessing property intersected by the division lines of districts, and that it guarded against the low valuation which assessments of an entire property in parcels tended to produce. "It should, therefore, receive a liberal construction, both as a remedial statute and as tending to produce equality of taxation." In Bennethum v. Eckert, 7 W. N. C. 373, decided by the Supreme Court in 1878, it appeared that Eckert purchased successively four contiguous tracts of land, two being situated within a township, and two within the limits of a borough. The mansion house was upon one of the township tracts. For many years taxes were assessed upon the borough tracts which he paid without objection. But when the borough collector demanded the borough and school taxes for the year 1871 Eckert refused to pay upon the ground that the whole farm was taxed in the township. The collector then levied upon his personal property, for which Eckert brought an action of trespass, and recovered. It was held that the applicability of the act of 1842 was not affected by the fact that the farm was composed of several parcels bought at different times, but that the fact that they were contiguous and were used for a single purpose determined its character as a single tract for assessment of taxes, and the location of the mansion house being in the township that determined the place of assessment.

Neither the act of 1842 nor the above cited cases were alluded to by court or counsel, so far as the reports of the cases show, in La Plume v. Gardner, 148 Pa. 192 or in Arthur v. School District, 164 Pa. 410. In both of these cases it was assumed that the only legislation authorizing the assessment was the Act of June 1, 1883, P. L. 51. And so far as the first was concerned this was correct. It arose in Lackawanna county, which until 1878 was part of Luzerne, and the act of 1842 was repealed as to Luzerne in 1847. The only point decided in that case was, that the act of 1883, so far as it concerns township or borough lines, which are not also the lines of a county, is unconstitutional, for the reason that there is nothing in the title of the act to give notice that lands divided by township or borough lines are affected. In the Arthur case a borough school district attempted to levy and collect taxes on five different tracts situated partly in the borough and partly in a township. The mansion houses of three of the tracts were in the borough. But the tract particularly considered by the Supreme Court had no dwelling house on it either in the borough or in the township. Of course the act of 1842 did not apply to such a case. As to the other tracts the Act of April 25, 1850, P. L. 569, section 15, would seem to have a bearing. But we do not deem it necessary to dwell on the facts which distinguish the Arthur case from the case before us. It is sufficient to say that the opinion of Mr. Justice WILLIAMS shows conclusively that the only act considered was the act of 1883. His remark upon which so much reliance is placed was probably intended to refer to the special facts of that case. It certainly cannot be construed to overrule Bausman v. Lancaster and Bennethum v. Eckert, and to wipe out the act of 1842 as well. It is not claimed that the act has been repealed as to Wyoming county by any subsequent act of the legislature, and no case has been called to our attention which overrules or qualifies the cases construing it.

The suggestion is made that the act was abrogated by sections 1 and 2 of article 9 of the constitution, but we do not think the position can be sustained. The act of 1842 cannot be regarded as an act exempting property from taxation. The subject of taxation in this instance was a single farm. No part of it was exempted from taxation, but the whole was taxed in

the township in precisely the same way as other tracts of land similarly situated.   It is to be noticed that Bennethum v. Eckert was decided since the adoption of the constitution, but no suggestion was made that the assessment of the whole tract in the township would violate any constitutional provision. As to the act of 1883, the Supreme Court said: "It requires but a glance at this title to see that it is notice only where a tract is divided by county lines.   So far as land is concerned, which is divided by county lines, the act appears to be valid:" La Plume v. Gardner, supra.   But we need not discuss the question as to the restrictions imposed by the constitutional provisions above referred to upon future legislation; we think it clear that they did not ipso facto abrogate the act under consideration.

The remaining question is, whether or not the act applies to a case situated like the present.   The only fact which suggests any doubt as to its application is, that there is a dwelling house on the part of the farm situated in the borough.   Possibly this house is subject to assessment in the borough, and upon reflection we are inclined to the opinion that this is the correct view. It appears to be in the exclusive occupancy of the owner's mother and sister as a dwelling, and it does not appear that it is used as part of or in connection with the farm.   If the owner had demised it, reserving a rent, it would seem clear that this would be a severance of it from the rest of the farm, which would make it subject to taxation as a distinct tenement.   The fact that the owner's mother and sister pay no rent, if such be the fact, does not seem to us to affect the question.   The controlling fact is, that it is in their exclusive occupancy, and is not used in connection with or as part of the farm.   It differs from the barns and outbuildings appurtenant to the owner's dwelling house and used in the farming operations, "for," as BLACKSTONE says, "the capital house protects and privileges all its branches and appurtenances, if within the curtilage or home-stall:" 4 Bl. Com. (Lewis's ed.) *225.   It is clear, however, that this dwelling house in the borough is not "the mansion house" of the 'farm.   It does not draw to it any portion of the farm, whether in the township or in the borough, which is not in the exclusive possession of the occupants of the house.   The dwelling house on the farm in which the

owner resides must be regarded as the mansion house of the farm within the meaning of the act.

The suggestion that this mode of assessment offers to the taxpayer the opportunity to shift from one side of the line to the other when the taxes are heavier in one district than in the other, is an argument against the act, and may more appropriately be addressed to the legislature than to the courts. There is nothing in the case to show that the dwelling house occupied by the owner of the farm is not his permanent bona fide residence. The facts that it is smaller than the house on the other part of the farm, and that it was moved on the tract instead of being built of new materials, do not, per se, make it any less his mansion house. True, it was agreed that "the court should decide the case upon the facts and merits of the case, as known by the court and disclosed by the petition and answer." But the learned judge does not find that this was not the mansion house of the farm at the date of the assessment, and under the facts found by him, taken in connection with those set forth in the pleadings, we do not think he would have been justified in so finding. We are of opinion that he erred in holding that the entire twenty acres must be assessed in the borough. But if a separate valuation of the house, as such, has been returned, we see no good reason why it should not be entered as prayed for.

The order of the court below awarding a peremptory mandamus is reversed and set aside, excepting in so far as it relates to the valuation of the house in the exclusive occupancy of the mother and sister of Frank Brewer, the owner.