## Follett, Appellant, v. Butler County.

*Taxation—Assessment—Farm lands—Mansion house.*

A farm divided by a township, borough or city line, is taxable where the mansion house is located.

Argued May 9, 1905.   Appeal, No. 229, April T., 1905, by plaintiff, from decree of C. P. Butler Co., June T., 1904, No. 3, dismissing bill in equity in case of James Follett v. Butler County et al.   Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Bill in equity to enjoin collection of a tax.

GALBREATH, P. J., stated the question involved to be as follows:

The plaintiff is the owner of a tract of land consisting of about 100 acres, twenty-five acres of which, with the mansion, is situate within the limits of the borough of Bruin, and the remainder in the township of Parker.   The territory embraced within the limits of said borough was originally a part of the said township of Parker, out of which it was carved and erected into a borough by decree of court of September 2, 1901.

The question raised by the bill and answer is as to the proper place of assessment of plaintiff's land—the plaintiff contending that it should all be assessed in the borough of Bruin, where his mansion house is located, and defendants contending that the portion of the land situate within the present limits of Parker township is properly assessable in that district, which has been done, and taxes are sought to be collected accordingly, which plaintiff seeks to restrain.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Lev. McQuiston*, with him *W. D. Brandon* and *J. C. Vanderlin*, for appellant, cited: Bausman v. Lancaster County, 50 Pa. 208 ; Cassel's App., 8 Lancaster Law Rev. 260 ; Bennethum v. Eckert, 7 W. N. C. 373.

*H. H. Goucher*, with him *F. J. Forquer* and *Everett L. Ralston*, for appellee, cited: Arthur v. School District, 164 Pa. 410; LaPlume Borough v. Gardner, 148 Pa. 192; Com. v. Wheelock, 13 Pa. Superior Ct. 282.

OPINION BY SMITH, J., January 13, 1906:

The general rule governing the question presented on this appeal was stated by the Supreme Court in Arthur v. School District, 164 Pa. 410, as follows: " The power of borough and township officers to levy taxes upon persons and property rests upon residence and location. The persons who live within the borough, and the lands inclosed by its lines, are subject to the jurisdiction of the borough and its officers. Persons and property located in some other borough or township are subject to the jurisdiction of the town or borough in which they belong." The observance of this rule properly restricts the exercise of municipal functions to the territorial limits. But the law expressly designates the mansion house as the controlling place of assessment when the farm is used as a whole, without regard to corporate divisions, and this has been recognized in all legislation and judicial decision on the question.

In pursuance of this the case of Bausman v. Lancaster County, 50 Pa. 208, holds that a farm divided by a township, borough or city line, is taxable where the mansion house is located, and there is neither legislation nor contrary decision since on this point. It was fairly deducible from all prior legislation that assessors were to assess each farm as a whole when so used with the mansion house as a dominant point of assessment; and this is still the law. This court has recognized and followed the case cited, so far as pertinent, in Com. v. Wheelock, 13 Pa. Superior Ct. 282.

The decree of the court below is reversed and the bill reinstated, and it is now ordered and decreed that the injunction be issued and made perpetual, in manner and effect, as prayed for.

---

NOTE.—The foregoing opinion and order were written by Judge Smith during his term of office as a member of the Superior Court, the cases having been duly assigned to him for that purpose, and were adopted and filed as the opinion and order of the court on Jan. 13, 1906. REPORTER.