## Follett, Appellant, *v.* Butler County.

*Taxation—Land—Mansion house—Township—Borough—Acts of July* 11, 1842, *P. L.* 321, *and April* 25, 1850, *P. L.* 569.

Where a farm is divided by a township and borough line, and the mansion house is in the borough, the land in the township is to be assessed in the township and the land in the borough is to be assessed in the borough.

Argued May 15, 1906.   Appeal, No. 229, April T., 1905, by plaintiff, from decree of C. P. Butler Co., June T., 1904, No. 3, dismissing bill in equity in case of James Follett v. Butler County et al.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Bill in equity for an injunction.
For the facts see 30 Pa. Superior Ct. 21.

*Error assigned* was the decree of the court.

*Lev. McQuistion*, with him  *W. D. Brandon* and *J. C. Vanderlin*, for appellant.

*H. H. Goucher*, with him *F. J. Forquer* and *Everett L. Ralston*, for appellees.

OPINION BY BEAVER, J., October 5, 1906 :

Upon the reargument and after a careful reconsideration of this case, 30 Pa. Superior Ct. 21, we are of the opinion that the effect of the 15th section of the Act of April 25, 1850, P. L. 569, was not as fully considered as its importance demands.

The general rule governing the imposition of taxes upon lands ·by the municipality, within whose territorial limits the same are situate, has for convenience been made subject to several legislative exceptions. One of these is contained in the 59th section of the Act of July 11, 1842, P. L. 321, by which it is enacted that assessments of seated lands shall be made in the township in which the mansion house is situate, where township lines divide a tract of land. The application of this section is expressly limited by the 15th section of the act of April 25, 1850, P. L. 569, which provides :

" Section 15. That the fifty-ninth section of the act of July 11, 1842, entitled, ' An act regulating election districts, and for other purposes,' shall not be construed to extend to lands lying in different townships, the mansion house of which is in an incorporated borough or city."

Both of these enactments have been considered and in a measure construed in Bausman v. Lancaster County, 50 Pa. 208. The syllabus of this case is misleading. The case does not decide that " A farm divided by a township, borough or city line is taxable where the mansion house is located." What it does decide is that a farm divided by a township line, part· of which, with the mansion house, is in the township and the remainder in a city, is taxable wholly in the township. The converse of this proposition, however, is not only not held, but the reasoning of the case and its obvious leaning are that, if the conditions were reversed and the mansion house were in the city, the act of 1850 would apply and the entire farm would not be taxable in the city. The language of Mr. Justice TRUNKEY is : ·

" Besides this, the 15th section of the act of April 25, 1850, shows plainly the understanding of the legislature, that the act of .1842 extended to cases where the line between a township and a borough or city may divide the mansion house of a farm from a portion of the land. That act enacted that the 59th section of the act of 1842 shall not be construed to extend

to lands lying in different townships, the mansion house of which is in an incorporated borough or city. It obviously implies that the act does apply when the lands are divided by a township and city or borough line, if the mansion house be not in the city or borough."

This may not be a controlling authority in this case, because the precise question here was not before the court, but it leaves us in little doubt as to the construction which the court placed upon the act of 1850, as applied to the facts of this case.

In 21 P. & L. Dig. of Dec. 36,342, after quoting from Bausman v. Lancaster County, 50 Pa. 208, and referring to a case in which the common pleas of Lancaster county had confirmed the assessment, in a case in which eighteen acres of a farm with mansion and necessary farm buildings laid in a borough and the remaining 120 acres in a township, in which the whole was assessed in the borough, it is said: "In Cassel's Appeal, 8 Lanc. Law Rev. 260, the court holds that, where the mansion house is in the borough, the land lying in the township is to be assessed in the borough, and quotes the above language of the Supreme Court as authority for this proposition. It is difficult to see how the court arrived at this conclusion under the act of 1850, as construed by the Supreme Court. That construction seems to require that only in the case of the mansion house being situated in the township is the whole tract to be assessed together, and when it is situated in a borough or city the land in the township is to be assessed in the township and the land in the borough to be assessed in the borough."

It is claimed by the appellant that the language of the act of 1850, which relates " to lands lying in different townships " the mansion house of which is in an incorporated borough or city, does not apply to this case, inasmuch as this is a farm lying partly in a township and partly in a borough; but this is, in our view, too technical. The greater includes the less, and the reasons which apply in the one case are quite as applicable to the other.

The judgment of this court, as reported in 30 Pa. Superior Ct. 21, which is as follows : " The decree of the court below is reversed and the bill reinstated, and it is now ordered and decreed that the injunction be issued and made perpetual, in

manner and effect, as prayed for "—is hereby vacated and annulled, and upon reargument and reconsideration of the case, it is now ordered and decreed that the decree of the court below be, and is, hereby affirmed, and the appeal dismissed at the costs of the appellant.