## Commonwealth, ex rel. Twp. of Manor, Appellants, v. Knoble et al.

*Taxes—Assessment—Township lines—Farm lying in two townships—Mansion house—Act of July 11, 1842, P. L. 321, Section 59— Feigned issue—Trial without jury—Conclusiveness of findings of trial court.*

Under the Act of July 11, 1842, P. L. 321, Section 59, taxes should be assessed in the township in which the mansion house is situate, where township lines divide a tract of land.

In a feigned issue tried by the court without a jury, to determine which of two dwellings located on a farm, divided by township lines, is the mansion house, it appeared, on appeal, that all the evidence admitted by the trial court was competent and that the inferences drawn therefrom were reasonable. In such a case the findings of the trial court in favor of the respondent will be affirmed.

The findings of fact, by the court, are no more reviewable on appeal than is the verdict of the jury, and an appellate court will only look beyond the findings of fact when the assignment of error is such as could be heard if the trial had been before a jury, according to the course of the common law.

Argued April 12, 1926. Appeal No. 167, April T., 1926, by the township of Manor, from judgment of C. P. Armstrong County, June T., 1925, No. 269, in the case of Commonwealth of Pennsylvania, Ex Rel. The Township of Manor, etc., v. John D. Knoble et al., County Commissioners of Armstrong County. Before

COM. ex rel. MANOR TWP., Appels., *v.* KNOBLE et al.   563

562, (1926).]          Statement of Facts.

PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Alternative mandamus to compel the payment of taxes.   Before GRAFF, P. J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the respondents.   Manor Township appealed.

*Errors assigned* were the over-ruling of plaintiff's exceptions to the findings and order of the court.

*Floy C. Jones,* and with him *Clarence O. Morris,* for appellants.

*John W. Rohrer,* and with him *H. A. Heilman,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1926:

This appeal arises out of a controversy between the taxing authorities of the Township of Kittanning and those of the Township of Manor, both in the County of Armstrong, with respect to which township is entitled, through its proper officers, to assess and collect the taxes upon a farm containing 328 acres owned by James McCullough, Jr.

This farm, which has been in the possession of its present owner since 1908, is divided by the line between said townships in such a way that approximately one-third of the same is located in Kittanning Township and the remainder in Manor Township.   The case differs from any of the reported cases in that no owner of this farm has, within the recollection of any of the witnesses, lived thereon.   For at least fifty years prior to 1910, the buildings upon the farm consisted of a dwelling house with barns and outbuildings located upon that portion of the farm lying within Kittan-

564  COM. ex rel. MANOR TWP., Appels., *v.* KNOBLE et al.

Opinion of the Court.  [88 Pa. Superior Ct.

ning Township. This dwelling house is designated in this case as the "Bouch house," taking its name from that of a former owner of the tract.

As far back as the testimony in this case goes the entire tract has been assessed in Kittanning Township and no question was ever raised with respect to the propriety of so assessing it until the triennial assessment of 1925. In making that assessment the assessors for Kittanning Township returned the entire tract as assessable therein and the assessors for Manor Township also returned it as assessable in that township.

The assessors of Manor Township based their claim to have the entire tract assessed in that township upon the fact that the owner McCullough, in 1910 or 1911 erected upon that portion of the farm lying in Manor Township a new dwelling house, (in which it is claimed certain rooms were reserved for the use of the owner), barn and outbuildings, thereby evidencing an intention on his part to transfer the "mansion house" from the Bouch house in Kittanning Township to the new house referred to in the testimony as the "brick house" in Manor Township.

The owner never occupied any part of the new house and at the trial of the case expressly disavowed any intention upon his part to live in any part of either of said houses. In addition to building the "brick house" on the Manor Township side of the dividing line, the owner also built a cottage for farm hands on the Kittanning Township side thereof. The farming operations are carried on by employes living in said houses and all, apparently, under the direction and control of the owner, who visits the farm frequently and also gives instructions for its operation by telephone, the telephone line having been removed from the "Bouch house" to the "brick house" and the brick house being occupied by the farmer who formerly lived in the Bouch house.

COM. ex rel. MANOR TWP., Appels., *v.* KNOBLE et al.   565

562, (1926).]            Opinion of the Court.

The owner, contending that the "Bouch house" still remained the "mansion house," appealed from the assessment made by the taxing authorities of Manor Township to the Commissioners of Armstrong County, sitting as a board of revision, to determine, inter alia, whether the returns of the assessors had "been made in conformity with the laws of this commonwealth," (Section 13, Act of July 27, 1842, P. L. 441), which board decided that the entire tract was assessable in Kittanning Township. Thereupon the taxing authorities of Manor Township petitioned the Court of Common Pleas of said county for a writ of mandamus directing said commissioners to assess said tract in Manor Township, upon which petition a rule was granted and a return filed.

It was then stipulated by counsel that the rule should be considered as a writ of alternative mandamus and that the case should be tried by the court without a jury upon a feigned issue framed to determine the following question of fact:

"Which one of two dwellings erected upon the farm of James McCullough, Jr., (which farm is situate partly in Kittanning Township, and partly in Manor Township, Armstrong County, Pennsylvania,) is the 'mansion-house' on said farm?"

No question was raised at the trial or upon the argument in this court with respect to the form of action adopted in this case, and as the remedy here invoked is identical with the procedure followed in the similar case of Commonwealth v. Wheelock, 13 Pa. Superior Ct. 282, we shall dispose of this appeal on its merits. There is no question about the law of the case. It is provided in the 59th Section of the Act of July 11, 1842, P. L. 321, "That hereafter the assessors of the several counties within this Commonwealth, shall, on seated lands, make the assessment in

566    COM. ex rel. MANOR TWP., Appels., *v.* KNOBLE et al.

Opinion of the Court.    [88 Pa. Superior Ct.
the township in which the mansion house is situate, where township lines divide a tract of land.''

In Quigley v. Reiff, 39 Pa. Superior Ct. 425, (a case clearly distinguishable from the present by the fact that the owner of the farm there in question lived on it and moved from his former dwelling house on the portion of the farm located in one township into a new dwelling house erected upon the portion of the farm located in another township, thereby plainly making the new dwelling house the ''mansion house''), RICE, P. J., quotes with approval the following language of the Supreme Court in Bausman v. Lancaster County, 50 Pa. 208, with respect to said section of the Act of 1842: ''This act was plainly remedial. It aimed to prevent the mischief which would flow from contests between the assessors of adjoining municipal divisions, respecting the right and duty of assessing property intersected by the division lines of districts, and it guarded against the low valuation which assessments of an entire property in parcels tended to produce. It should, therefore, receive a liberal construction, both as a remedial statute and as tending to produce equality of taxation.''

The court below properly held that the burden was upon the authorities of Manor Township to show that in the present case the ''mansion house'' had been transferred from Kittanning Township into their township. In his findings of fact the learned trial judge found in substance that the Bouch house situate in Kittanning Township had been repaired and that there were three barns, a granary and necessary outbuildings connected therewith; that cattle, horses and farm machinery were kept at both places and that grain was stored at the Bouch house; that although the owner transmitted some orders through certain of his employes yet he kept the direct supervision of the farm in his own hands and was recognized as the

COM. ex rel. MANOR TWP., Appels., v. KNOBLE et al. 567

562, (1926).]                    Opinion of the Court.

"head man;" that all employes living upon the premises were employed by the month; and concluded with the following as his 10th finding of fact: "The mansion house of the farm is the Bouch house, which building is located in Kittanning Township."

The correctness of these findings of fact, and the conclusion of law necessarily flowing therefrom to the effect that the entire tract of land is properly assessable in Kittanning Township and that the writ of mandamus should therefore be refused, are challenged by the assignments of error, and particularly by the 4th and 5th.

It is contended on behalf of the appellants that where the owner of a farm does not actually occupy a dwelling thereon as his home the question, "What is the mansion house?" is to be determined by the intention of the owner, which intention is to be gathered from all the testimony in the case, and we are asked in the argument of the learned counsel for the appellants to read between the lines of the testimony and conclude that, notwithstanding the declarations of the owner to the contrary, it was his intention in building the brick house in Manor Township to make it the mansion house of the farm.

It is further pointed out that it is to the interest of the owner to have the assessment returned for Kittanning Township sustained because it is lower than that returned for Manor Township. We have examined all the testimony for the purpose of ascertaining whether any facts have been found without proof or whether any material facts established by the proofs have not been found, (Worrall's Appeal, 110 Pa. 349), and have reached the conclusion that all the evidence admitted by the court was competent and relevant and that the inferences drawn therefrom are reasonable. In the language of HENDERSON, J., in Smith v. Kaufman, 30 Pa. Superior Ct. 265, 269,

568　COM. ex rel. MANOR TWP., Appels., *v.* KNOBLE et al.

Opinion of the Court.　[88 Pa. Superior Ct.

"Such being the case, we cannot go into an examination of the credibility of the witnesses and the contradictions in their testimony. That was the duty of the judge who sat both as court and jury, in the trial of the cause. The rule as to the findings of fact of the court or a referee, is the same: Eichman v. Hersker, 170 Pa. 402. It has been declared in a number of cases, that findings of fact, by the court, are no more reviewable on appeal than is the verdict of the jury, and an appellate court will only look beyond the findings of fact when the assignment of error is such as could be heard if the trial had been before a jury, according to the course of the common law: Bradlee v. Whitney, 108 Pa. 362; Southern Maryland R. R. Co. v. Moyer, 125 Pa. 506; Eichman v. Hersker, 170 Pa. 402; Fleer v. Reagan, 24 Pa. Superior Ct. 170."

In our opinion the court below was justified in concluding that the taxing authorities of the Township of Manor had not successfully met the burden of showing that the farm in question should now be assessed in Manor Township.

The judgment is affirmed.