## Williamsburg Borough v. Bottenfield.

*Boroughs—Eminent domain—Municipal liens—Assessment of benefits by borough upon property lying outside its limits—General Borough Act of May 14, 1915.*

1. Chapter 6, article vii, section 28, of the General Borough Act of May 14, 1915, P. L. 312, entitled "An act providing a system of government for boroughs and revising, amending and consolidating the law relating to boroughs," which provides for the assessment of benefits to property lying outside of the borough limits, where the improved street is entirely within the limits of the borough, but divides the borough from another municipality, is in violation of article iii, section 3, of the Constitution of Pennsylvania, in that the subject of the section is not clearly expressly in the title.

2. Aside from the fact that the subject of the above section is not covered by the title, a municipality cannot assess benefits against property outside of its municipal limits.

Rule to strike lien from record. C. P. Blair Co., Tax Lien Docket No. 2345.

*M. D. Patterson,* for plaintiff; *John M. Snyder,* for defendant.

BALDRIGE, P. J., July 14, 1926.—On Feb. 18, 1925, a municipal lien was filed against "all that piece or parcel of land, with the improvements thereon,

situate in the Borough of Williamsburg, County of Blair and State of Pennsylvania, fronting on High and Union Streets in the said borough." Exceptions were filed to the validity of the lien, alleging that the property was inadequately described, and that the character of the work done was not disclosed, that the lien was not signed by the solicitor, etc. On July 10th an opinion was filed dismissing the exceptions, and permission was given to cure errors, supply omissions and to amend the description.

An amendment of the lien was filed, wherein the property was described as follows: "All that piece or parcel of land, with the improvements thereon, situate in the Borough of Williamsburg, County of Blair and State of Pennsylvania, fronting three hundred and forty and six-tenths feet on the south side of Union Street and fifty feet on the southeast side of High Street and extending in a southerly direction to the borough line, also fronting three hundred and three feet on the southeast side of High Street and extending in a southeasterly direction one hundred and fifty feet into Woodbury Township. Said High Street for said last mentioned distance of three hundred and three feet being entirely within the said Borough of Williamsburg and dividing said borough from said township, making a total frontage of six hundred ninety-three and six-tenths feet on said Union and High Streets." This description may or may not be clear to one intimately acquainted with the property, but to the court it appears involved and obscure.

We have learned, however, that the lien was filed under chapter 6, article 7, section 28, of the Act of May 14, 1915, P. L. 356, which provides for the assessment of benefits to property lying outside of the borough limits where the improved street is entirely within the limits of the borough but divides the borough from another municipality. The property lying opposite to and outside of the line of the borough to be subject to assessment for a depth of 150 feet.

The constitutionality of this act is attacked on the grounds that it is in violation of article III, section 3, of the Constitution of Pennsylvania, in that the subject of the act is not clearly expressed in the title. The title of the Act of 1915 is as follows: "Providing a system of government for boroughs, and revising, amending and consolidating the law relating to boroughs."

We understand that all presumptions are in favor of the validity of statutes, and courts favor the sustaining of the act when possible, and that the title is not required to call attention to every detail of the legislation included in its body. All that is necessary is "that the title fairly give notice of the subject of the act, so as reasonably to lead to an inquiry into its body:" Allegheny County Home's Case, 77 Pa. 77; Com. *v.* Jones, 4 Pa. Superior Ct. 362.

In Sugar Notch Borough, 192 Pa. 349, Justice Mitchell, speaking for the Supreme Court, said: "Where a general title, sufficient to cover all the provisions of an act, is followed by specifications of the particular branches of the subject with which it proposes to deal, the scope of the act is not limited nor the validity of the title impaired except as to such portions of the general subject as legislators and others would naturally and reasonably be led by the qualifying words to suppose would not be affected by the act. This is the rule established by all our cases."

If, however, an act by its title appears to affect only the residents of a certain locality, while in the body of the bill there are provisions affecting other territory, it has been held that the title is misleading and the act unconstitutional: Beckert *v.* The City of Allegheny, 85 Pa. 191; Philadelphia *v.* Ridge Avenue Passenger Ry. Co., 142 Pa. 484; Payne et al. *v.* School District et al., 168 Pa. 386.

## Williamsburg Borough v. Bottenfield.

There is not a syllable in the title to the Act of 1915 that would give reasonable notice to a property owner outside of the borough limits that his property would be subject to an assessment for borough improvements.

On May 10, 1871 (P. L. 665), an act of assembly was approved, the title of which was as follows: "An act relative to grading, paving, curbing and otherwise improving Troy Hill Road in the City of Allegheny." The act attempted to provide for the cost and expense of the improvement by assessing the property in the city and in the adjacent township which had been benefited thereby. The court held that this act was unconstitutional and void, as it did not notify persons outside of the city limits that they were affected by any matters contained therein: Beckert v. City of Allegheny, 85 Pa. 191.

One of the purposes of the act of assembly under consideration was to have the owners of property lying in the neighboring township share the financial burden for the making of a borough improvement. We search in vain in this title for any notice to property owners beyond the borough limit. The title notifies that its purpose relates to borough affairs, but if it affects land in a neighboring township, the title is unquestionably misleading in so far as it attempts to affect property outside of the borough limit.

In addition to the defective title, another question confronts us, bearing upon the constitutionality of a portion of the act under consideration. That is, can a municipality assess benefits against property outside of its municipal limits. We think not.

The act approved June 1, 1883, P. L. 51, entitled "An act to require assessors of townships to assess all seated land in the county in which the mansion house is situated, where the county lines divide a tract of land," and provides further that "the assessors of the several counties within this Commonwealth shall, on seated lands, make the assessment in the county in which the mansion house is situate when county lines divide a tract of land, and when lines which separate a borough from township or one borough from another pass through the land of any person, such lands shall be assessed where the mansion is situated." The court held this act unconstitutional in so far as it attempts to assess property in another municipality: La Plume Borough v. Gardner, 148 Pa. 192.

It was held in Arthur v. School District, 164 Pa. 410, that a borough has no power to assess and collect taxes upon lands lying outside of its boundaries. That the power of a borough to levy taxes upon property is confined to lands located by its enclosed lines and subject to its jurisdiction. That property located in some other borough or township is subject to tax in that borough or township where it is located, and some other municipality does not have the right and privilege of coming in and collecting a tax. An attempt to do so is illegal and improper.

We have concluded that this portion of the act which attempts to levy assessments for benefits to lands lying outside of the borough limits is unconstitutional, and we so hold. This rule is, therefore, made absolute in so far as it affects the land outside of the borough and is discharged as to the land within the borough.

Exception noted for the plaintiff.

From Robert W. Smith, Hollidaysburg, Pa.